The **STATE OF NEW YORK, and the Town of Tusten, Plaintiffs,**

v.

**SCA SERVICES, INC., John Cortese Construction Corporation, John Cortese, Sheldon Wernick, Defendants.**

**SCA SERVICES, INC., Third–Party Plaintiff,**

v.

**ROBERTS & CARLSON, INC., Continental Can Company, Inc., BASF Corporation (Inmont Division), Huls America Inc., National Starch and Chemical Corporation, Union Camp Corporation, Allied–Signal Inc., Balfour Maclaine Corp., C. Itoh & Co. (America) Inc., Cellu–Craft Inc., Custom Chemicals Corp., Deleet Merchandising Corp., E.I. du Pont de Nemours and Company, Falstrom Company, Flexabar Corporation, Guard All Chemical Co. Inc., Halocarbon Products Corp., ICI Americas Inc., Keuffel & Esser Company of New Jersey Inc., Marisol Inc., Nicholas Enterprises Inc., Occidental Chemical Corporation, the Okonite Company Inc., Pacquet Oneida Inc., Radiac Research Corp., Rhone–Poulenc S.A., Specialty Packaging Products Inc., Stepan Company, Thompson & Formby Inc., and Consolidated Edison Company of New York, Inc., Third–Party Defendants.**

No. 83 Civ. 6402 (RPP).

United States District Court, S.D. New York.

March 3, 1992.

See also 761 F.Supp. 14.

John F. Stoviak, Timothy W. Callahan, II, James O'Toole, Jr., Saul, Ewing, Remick & Saul, Philadelphia, Pa., L. Donald Prutzman, Jr., Stecher, Jaglom & Prutzman, New York City, for defendant and third-party plaintiff SCA Services, Inc.

Ronald W. Zdrojeski, Millie Didio, Hebb & Gitlin, P.C., Hartford, Conn., for BASF Corp. (Inmont Div.), Allied–Signal Inc., Flexabar Co., ICI Americas Inc., Radiac Research Corp., Guard All Chemical Co., Keuffel & Esser Co. of New Jersey Inc.

Michael Wilcken, Consolidated Edison, Law Dept., New York City, for Consolidated Edison Co. of New York, Inc.

Charles M. Tomaselli, Dickerson & Reilly, New York City, for Continental Can Co., Inc.

George S. Flint, Jackson & Nash, New York City, for Huls America Inc.

Samuel P. Moulthrop, Riker, Danzig, Scherer, Hyland & Perretti, Morristown, N.J., for National Starch and Chemical Corp.; Union Camp Corp. (Achrovure).

John A. McKinney, Jr., David C. Apy, McCarter & English, Newark, N.J., for Roberts & Carlson, Inc., Pacquet Oneida Inc.

John Shilling, Balfour Maclaine Corp., New York City, for Balfour Maclaine Corp.

James L. Kerr, Davis, Polk & Wardwell, New York City, for C. Itoh & Co. (America) Inc.

Martin L. Fenik, Stephen N. Dratch, Greenberg Margolis, Roseland, N.J., for Deleet Merchandising Corp.

Barbara U. Gravely, E.I. DuPont de Nemours & Co., Wilmington, Del., for E.I. DuPont de Nemours and Co.

Frank Vucci, Vice President, Falstrom Co., Passaic, N.J., David Platt, Murtha,

Cullina, Richter and Pinney, Hartford, Conn., for Guard All Chemical Co.

Richard A. Levao, Madelyn A. Levy, Renate A. Coombs, Shanley & Fisher, Morristown, N.J., for Halocarbon Products Corp., Marisol Inc., Thompson & Formby Inc.

Thomas J. Eastment, Timothy S. Durst, Baker & Botts, Washington, D.C., for Thompson & Formby, Inc.

Herbert B. Bennett, Norris, McLaughlin & Marcus, Somerville, N.J., for Keuffel & Esser Co. of New Jersey Inc.

Albert I. Telsey, Cole, Schotz, Bernstein, Meisel & Forman, Hackensack, N.J., for Nicholas Enterprises Inc.

Michael M. Gordon, Cadwalader, Wickersham & Taft, New York City, for Occidental Chemical Corp.

Paul W. Herring, Maxus Energy Corp., Dallas, Tex., for Occidental Chemical Corp.

Thomas A. Cinti, Norman W. Spindel, Lowenstein, Sandler, Kohl, Fisher & Boylan, Roseland, N.J., for Okonite Co.

Rhone–Poulenc, States Atty., Corbevoie Cedex, France, Kathy Robb, Hunton & Williams, New York City, for Specialty Packaging Products Inc.

Michael E. Twomey, Aron, Twomey, Hoppe & Gallanty, New York City, for Stepan Co.

Kenneth Burrows, New York City, for Cellu–Craft.

Robert C. Vielee, President, Custom Chemicals Corp., Elmwood Park, N.J., for third-party defendants.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

This is an action brought by Plaintiffs under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. §§ 9601 *et seq.* At issue is the responsibility for clean-up of the Cortese Landfill ("the site") in the Town of Tusten, New York. Gaess Environmental Services Corporation ("Gaess"), which was subsequently ac-quired by Defendant SCA Services, Inc. ("SCA"), is charged with disposing hazardous waste at the site in the year 1973. After extended discovery and lengthy settlement negotiations with Plaintiff and pursuant to an order of the Court dated December 19, 1991, SCA filed an amended third-party complaint naming as Third–Party Defendants all companies who, its investigations revealed, had delivered drummed waste to Gaess in 1973. Because it was possible that some drummed waste may have been delivered to some other waste disposal site, the amended third-party complaint contained the allegation that the drummed waste of Third–Party Defendants "may have been disposed of at the site." Most of the Third–Party Defendants moved to dismiss the amended third-party complaint on the grounds that by such language the amended complaint was hypothetical and failed to state a claim. At oral argument on March 10, 1992 and after determination that the facts at the disposal of SCA permitted such a pleading, the Court directed SCA to file a complaint charging, on information and belief, that the Third–Party Defendants' drummed waste "was disposed of at the site."

Third–Party Defendant C. Itoh & Co. (America) Inc. ("C. Itoh") moves to strike the amended third-party complaint on the additional ground that the joinder was untimely pursuant to Rule 14(a) of the Federal Rules of Civil Procedure. It points out that this action has been pending for eight years and that C. Itoh's records for 1973 have been lost or destroyed and that such might not have been the case had the Third–Party Plaintiff sought to join C. Itoh at an earlier date.

 CERCLA is comprehensive environmental legislation which is directed to cleaning up the environment with consequential beneficial effects on the health and welfare of the citizens of the United States. CERCLA in essence requires that all parties, who at any time caused an environmental hazard to exist whether by affirmative act or failure to take action, be responsible in damages for "response costs." Typically, response costs are

shared by defendants to the extent it can be shown that they contributed to the contamination of a hazardous waste site. Proof of the contribution is dependent on the evidence that exists of the extent of such contribution. Since the enactment of CERCLA in 1980, parties involved in disposing of hazardous waste have had an incentive to keep careful records of when and where their waste materials were disposed of. However, CERCLA, by its terms, is retroactive in effect and many parties to the ensuing litigation have not had the records that would have been useful to minimizing or exonerating them for response costs. Accordingly, C. Itoh is not in a particularly unique position.[1]

■ To hold SCA responsible for not joining Third–Party Defendants at an earlier date would penalize SCA for its extensive efforts to settle this case with the Plaintiffs, efforts which were by all accounts carried on in good faith. Furthermore, dismissal of claims on the grounds C. Itoh requests would not be consistent with the CERCLA concept of requiring that all parties, responsible in any way and at any time for the contamination of a site, share in the response costs. The remoteness of the time period of contamination, 1973, has been a hardship also for SCA, which has experienced the difficulty of gathering those records of defunct Gaess that still exist, attempting to locate former Gaess employees, and reconstructing events that occurred in 1973. It should be pointed out that the discovery efforts of C. Itoh are materially reduced since SCA has pleaded its limited basis for joining that Third–Party Defendant with a commendable specificity.

Lastly, C. Itoh's complaint regarding its late joinder in view of the imminence of trial in this action is misplaced. The Court's Interim Case Management Order of December 19, 1991 not only directed the filing of the amended third-party complaint but also provided for a centralizing of discovery materials designed to give all Third–Party Defendants ready access to those materials in order to reduce the time and cost of the discovery process. Developments since that time indicate that the methodology contained in the Case Management Order has been effective, and the Third–Party Defendants will be prepared for trial on a timely basis.

Accordingly, the motion of C. Itoh is denied.

IT IS SO ORDERED.

---

1. The Court notes that the same problems of proof exist in other types of litigation, *e.g.,* asbestos litigation.